| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **Southern District of New York** (State) |
| Case number *(if known)*: _____    Chapter  **11** |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**  Celsius US Holding LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  85-3387956

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **121 River Street** | |
| Number    Street | Number    Street |
| | P.O. Box |
| **Hoboken**    **NJ**    **07030** | |
| City    State    Zip Code | City    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Hudson County** | Number    Street |
| County | |
| | City    State    Zip Code |

**5. Debtor's website (URL)**  https://celsius.network

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 1

Debtor  **Celsius US Holding LLC**                                         Case number *(if known)*
         Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5239**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

District _____  When _____ (MM/DD/YYYY)  Case number _____

District _____  When _____ (MM/DD/YYYY)  Case number _____

Debtor  **Celsius US Holding LLC**   Case number *(if known)* _____
       Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

| | |
|---|---|
| Debtor | **See Rider 1** |
| District | **Southern District of New York** |
| Case number, if known | _____ |

Relationship **Affiliate**

When **07/13/2022**
MM / DD / YYYY

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
            Number    Street

_____
City    State  Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
     Contact name _____
     Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

Debtor     **Celsius US Holding LLC**                    Case number *(if known)* _____
           Name

### 15. Estimated assets (on a consolidated basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### 16. Estimated liabilities (on a consolidated basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **07/13/2022**
              MM/ DD / YYYY

✗   **/s/ Alex Mashinsky**                                  **Alex Mashinsky**
    Signature of authorized representative of debtor         Printed name

    Title   **Chief Executive Officer**

**18. Signature of attorney**

✗   **/s/ Joshua A. Sussberg**                              Date   **07/13/2022**
    Signature of attorney for debtor                               MM/DD/YYYY

    **Joshua A. Sussberg**
    Printed name

    **Kirkland & Ellis LLP**
    Firm name

    **601 Lexington Avenue**
    Number              Street

    **New York**                                            **NY**            **10022**
    City                                                    State             ZIP Code

    **(212) 446-4800**                                      **joshua.sussberg@kirkland.com**
    Contact phone                                           Email address

    **4216453**                                             **NY**
    Bar number                                              State

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **Southern District of New York** (State) |
| Case number *(if known)*: _____ Chapter __11__ |

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Celsius Network LLC.

Celsius Network Inc.
Celsius KeyFi LLC
Celsius Lending LLC
Celsius Mining LLC
Celsius Network Limited
Celsius Network LLC
Celsius Networks Lending LLC
Celsius US Holding LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS US HOLDING LLC, | Case No. 22-_____(___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Celsius Network Limited | 1 Bartholomew Lane London, UK EC2N 2AX | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS US HOLDING LLC, | Case No. 22-_____(___) |
| Debtor. |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Celsius Network Limited | 100% |

**Fill in this information to identify the case:**

Debtor name: Celsius Network LLC, *et al.*

United States Bankruptcy Court for the: Southern District of New York

Case number *(If known)*: _____ (State)

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

The Debtors have paid all general unsecured claims against the Debtors that have been billed of the Petition Date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1 | Pharos USD Fund SP Pharos Fund SP Landmark Square, 1st Floor 64 Earth Close PO Box 715 Grand Cayman KY-1107 Cayman Islands | Email - admin@lanternventures.com | Loan Party | Unliquidated | | | $81,081,803 |
| 2 | On File | On File | Customer | Unliquidated | | | $40,586,695 |
| 3 | On File | On File | Customer / Loan Party | Unliquidated | | | $38,359,717 |
| 4 | On File | On File | Customer | Unliquidated | | | $24,628,833 |

Official Form 204     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims     page 1

Debtor  Celsius Network LLC, *et al.*          Case Number (if known) _____
         Name

| # | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5 | On File | On File | Customer / Loan Party | Unliquidated | | | $20,998,387 |
| 6 | On File | On File | Customer | Unliquidated | | | $19,369,656 |
| 7 | On File | On File | Customer / Loan Party | Unliquidated | | | $15,812,046 |
| 8 | On File | On File | Customer / Loan Party | Unliquidated | | | $15,571,124 |
| 9 | On File | On File | Customer / Loan Party | Unliquidated | | | $15,133,797 |
| 10 | On File | On File | Customer | Unliquidated | | | $14,569,039 |
| 11 | ICB Solutions W Royal Forest Blvd Columbus, OH 43214 | Phone - 614-403-0997 | Customer | Unliquidated | | | $13,343,960 |
| 12 | The Caen Group LLC Detwiler Road Escondido, CA 92029 | Phone - 760-803-0712 | Customer | Unliquidated | | | $13,077,800 |
| 13 | Alameda Research LTD Tortola Pier Park, Building 1 Second Floor Wickhams Cay I Road Town, Tortola VG1110 British Virgin Islands | Email - sam@alamded-research.com Phone - 774-270-0676 | Loan Party | Unliquidated | | | $12,770,047 |

| Debtor | Celsius Network LLC, *et al.* | | Case Number (if known) | | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 14 | B2C2 LTD<br>86-90 Paul Street<br>London EC2A 4NE<br>United Kingdom | Email - middleoffice@B2C2.com<br>Phone - 44-203-973-4780 | Loan Party | Unliquidated | | | $11,814,949 |
| 15 | Covario AG<br>Landys+Gyr Strasse 1<br>Zug 6300<br>Switzerland | Email - brokerage@covar.io<br>Phone - 414-154-11382 | Customer | Unliquidated | | | $11,310,531 |
| 16 | On File | On File | Customer | Unliquidated | | | $11,168,614 |
| 17 | On File | On File | Customer | Unliquidated | | | $11,131,962 |
| 18 | On File | On File | Customer | Unliquidated | | | $11,089,080 |
| 19 | On File | On File | Customer | Unliquidated | | | $10,378,951 |
| 20 | On File | On File | Customer | Unliquidated | | | $10,328,557 |
| 21 | Invictus Capital Financial Technologies SPC<br>67 Fort Street<br>Grand Cayman, KY1-1102<br>Cayman Islands | Email - spc@invictuscapital.com | Customer | Unliquidated | | | $9,885,589 |
| 22 | On File | On File | Customer | Unliquidated | | | $9,790,947 |

Debtor ____Celsius Network LLC, *et al.*_____    Case Number (if known) _____
  Name

| # | | | | | | | |
|---|---|---|---|---|---|---|---|
| 23 | On File | On File | Customer | Unliquidated | | | $9,678,180 |
| 24 | On File | On File | Customer / Loan Party | Unliquidated | | | $9,331,765 |
| 25 | On File | On File | Customer / Loan Party | Unliquidated | | | $9,087,167 |
| 26 | On File | On File | Customer | Unliquidated | | | $8,499,705 |
| 27 | Strobilus LLC 159 Main St. Nashua, NH 03060 | Phone - 617-640-3914 | Customer / Loan Party | Unliquidated | | | $7,850,694 |
| 28 | Crypto10 SP - Segregated Portfolio of Invictus Capital Financial Technologies SPC 67 Fort Street, 1st Floor, Artemis House George Town, KY1-1102 Cayman Islands | Email - c10_spc@Invictuscapital.com | Customer | Unliquidated | | | $7,829,667 |
| 29 | Altcointrader (Pty) Ltd 229 Ontdekkers Road, Horizon, Roodepoort 1724 South Africa | Email - richard@altcointrader.co.za Phone - 278-2411-0866 | Customer | Unliquidated | | | $7,593,905 |
| 30 | On File | On File | Customer / Loan Party | Unliquidated | | | $7,460,897 |
| 31 | On File | On File | Customer | Unliquidated | | | $7,280,505 |

Debtor    Celsius Network LLC, *et al.*              Case Number (if known) _____
                Name

| # | | | | | | | |
|---|---|---|---|---|---|---|---|
| 32 | On File | On File | Customer | Unliquidated | | | $7,207,770 |
| 33 | On File | On File | Customer | Unliquidated | | | $6,754,458 |
| 34 | Deferred 1031 Exchange, LLC Lakeland Ave. Dover, DE 19901 | Phone - 425-766-7107 | Customer | Unliquidated | | | $6,684,659 |
| 35 | On File | On File | Customer | Unliquidated | | | $6,499,769 |
| 36 | On File | On File | Customer | Unliquidated | | | $6,370,197 |
| 37 | On File | On File | Customer / Loan Party | Unliquidated | | | $6,349,731 |
| 38 | On File | On File | Customer / Loan Party | Unliquidated | | | $6,268,520 |
| 39 | On File | On File | Customer / Loan Party | Unliquidated | | | $6,099,136 |
| 40 | On File | On File | Customer | Unliquidated | | | $5,909,689 |
| 41 | On File | On File | Customer | Unliquidated | | | $5,851,623 |

Debtor    Celsius Network LLC, *et al.*            Case Number (if known) _____
            Name

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 42 | On File | On File | Customer | Unliquidated | | | $5,807,454 |
| 43 | On File | On File | Customer / Loan Party | Unliquidated | | | $5,788,622 |
| 44 | On File | On File | Customer / Loan Party | Unliquidated | | | $5,783,350 |
| 45 | On File | On File | Customer | Unliquidated | | | $5,747,666 |
| 46 | On File | On File | Customer / Loan Party | Unliquidated | | | $5,746,814 |
| 47 | On File | On File | Customer | Unliquidated | | | $5,710,805 |
| 48 | On File | On File | Customer | Unliquidated | | | $5,710,207 |
| 49 | On File | On File | Customer | Unliquidated | | | $ 5,664,096 |
| 50 | On File | On File | Customer | Unliquidated | | | $5,588,694 |

# OFFICER'S CERTIFICATE

CELSIUS NETWORK INC.
CELSIUS NETWORKS LENDING LLC
CELSIUS US HOLDING LLC
CELSIUS NETWORK LLC
CELSIUS LENDING LLC
CELSIUS MINING LLC
CELSIUS KEYFI LLC

**July 13, 2022**

The undersigned, Alex Mashinsky, as (a) the chief executive officer, an authorized signatory of Celsius Network Inc., Celsius Networks Lending LLC, Celsius US Holding LLC, Celsius Network LLC, and Celsius Lending LLC, (b) the Executive Chairman of the Board, and authorized signatory of Celsius Mining LLC, and (c) a member of the Board and an authorized signatory of Celsius KeyFi LLC (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1.      I am an authorized signatory of the Companies, and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.      Attached hereto is a true, complete, and correct copy of the resolutions (the "Resolutions") of the Companies' boards of directors, managers, or sole member, as applicable (collectively, the "Boards"), duly adopted at properly convened meetings of the Boards of July 13, 2022, in accordance with the applicable limited liability company agreements, articles of incorporation, articles of association, operating agreements, bylaws, and/or similar governing documents (as amended or amended and restated) of each Company.

3.      Since their adoption and execution, the Resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the Resolutions are the only resolutions adopted by the Boards relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

[*Signature page follows*]

DocuSign Envelope ID: BB82DB52-9AEC-4B02-9ECB-5260EA317391
22-10971-mg    Doc 1    Filed 07/13/22    Entered 07/13/22 21:59:43    Main Document
Pg 15 of 20

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Companies as of the date hereof.

                                CELSIUS NETWORK INC.
                                CELSIUS NETWORKS LENDING LLC
                                CELSIUS US HOLDING LLC
                                CELSIUS NETWORK LLC
                                CELSIUS LENDING LLC
                                CELSIUS MINING LLC
                                CELSIUS KEYFI LLC

By: _____
Name: **Alex Mashinsky**,
        Authorized Signatory

[*Signature page to Officer's Certificate*]

# OMNIBUS RESOLUTIONS OF THE BOARDS

## Dated as of July 13, 2022

The undersigned, comprising all of the members of the board of directors, the manager, or the sole member, as applicable (each, a "Board"), of each of the applicable entities set forth on **Exhibit A** attached hereto (each, a "Company" and, collectively, the "Companies"), hereby take the following actions and adopt the following resolutions (the "Resolutions") pursuant to (as applicable) the articles of incorporation, limited liability company agreement, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company and the laws of the state, province or country of formation of each Company as set forth next to each Company's name on **Exhibit A**.

**WHEREAS**, each applicable Board has reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to each Company, and the effect of the foregoing on each Company's business.

**WHEREAS**, each applicable Board has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies.

**NOW**, **THEREFORE, BE IT**,

**Chapter 11 Filing**

**RESOLVED**, that, in the judgment of each applicable Board, it is desirable and in the best interests of the Companies, their stakeholders, their creditors, and other parties in interest, that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each, a "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**RESOLVED**, that any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, General Counsel, and Secretary or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all other action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to retain the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in

connection with its Chapter 11 Case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to retain the firm Alvarez & Marsal North America, LLC ("A&M") as financial advisors to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to retain the firm Centerview Partners LLC ("Centerview") as investment bankers to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Centerview.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to retain the firm Latham & Watkins, LLP ("Latham") as regulatory counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Latham.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to retain the firm of Stretto, Inc. ("Stretto") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Stretto.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to retain any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each such Authorized Signatory deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**General**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

**RESOLVED**, that each applicable Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions as may be required by the organizational documents of each Company or hereby waive any right or requirement to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each applicable Board.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these Resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

* * *

# EXHIBIT A

## Companies

| Company | Jurisdiction |
|---|---|
| Celsius US Holding LLC | Delaware |
| Celsius Mining LLC | Delaware |
| Celsius Network LLC | Delaware |
| Celsius Lending LLC | Delaware |
| Celsius KeyFi LLC | Delaware |
| Celsius Network Inc. | Delaware |
| Celsius Networks Lending LLC | Delaware |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | Celsius US Holding LLC |
| United States Bankruptcy Court for the: | Southern District of New York (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **07/13/2022**          ☒ /s/ *Alex Mashinsky*
              MM/ DD/YYYY              Signature of individual signing on behalf of debtor
                                       **Alex Mashinsky**
                                       Printed name
                                       **Chief Executive Officer**
                                       Position or relationship to debtor

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**