Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Ross M. Kwasteniet, P.C. (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | Case No. 22-10964 (___) |
| Debtor. | |
| Tax I.D. No. 87-1192148 | |
| In re: | |
| CELSIUS KEYFI LLC, | Chapter 11 |
| | Case No. 22-10967 (___) |
| Debtor. | |
| Tax I.D. No. 85-3374414 | |
| In re: | Chapter 11 |
| CELSIUS LENDING LLC, | Case No. 22-10970 (___) |
| Debtor. | |
| Tax I.D. No. 85-3428417 | |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CELSIUS MINING LLC, ) | Case No. 22-10968 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 85-3471387 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CELSIUS NETWORK INC., ) | Case No. 22-10965 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 82-4381219 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CELSIUS NETWORK LIMITED, ) | Case No. 22-10966 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 98-1528554 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CELSIUS NETWORKS LENDING LLC ) | Case No. 22-10969 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 84-3503390 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CELSIUS US HOLDING LLC, ) | Case No. 22-10971 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 85-3387956 ) | |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF THE
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief. The Debtors request that the Court (as defined herein) maintain one file and one docket for all of the jointly administered cases under the case of Celsius Network LLC, and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

2.  The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (as defined below).

3.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than Celsius Network LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: Celsius Network LLC, Case No. 22-10964 (___); Celsius KeyFi LLC, Case No. 22-10967 (___); Celsius Lending LLC, Case No. 22-10970 (___); Celsius Mining LLC, Case No. 22-10968 (___); Celsius Network Inc., Case No. 22-10965 (___); Celsius Network Limited, Case No. 22-10966 (___); Celsius Networks Lending LLC, Case No. 22-10969 (___); and Celsius US Holding LLC, Case No. 22-10971 (___). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-10964 (___)**.

4.  The Debtors also seek authority to fulfill the monthly operating report requirements required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the United States Trustee for the Southern District of New York (the "U.S. Trustee"), in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report.

### Jurisdiction and Venue

5.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  The statutory bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

8.  The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be the first cryptocurrency platform to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius employs a global workforce of 648 employees and has an active user base with over 1.7 million users worldwide.

9.  On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Campagna Declaration"), both filed contemporaneously

5

with this Motion and incorporated by reference herein.[2] As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

10. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

**Basis for Relief**

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The eight Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

13. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Voyager*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 6, 2022) (directing joint administration of chapter 11 cases); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 16, 2022) (same); *In re GTT Commc'ns, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 1, 2021) (same); *In re Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y. Oct. 27, 2021) (same); *In re Lakeland Tours*, LLC, 20-11647 (JLG) (Bankr. S.D.N.Y. July 27, 2020) (same); *In re Jason Indus., Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. June 29, 2020) (same).[3]

14. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the United States Trustee for the Southern District of New York (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

15. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Motion Practice

16. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

17. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated: July 13, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)<br>Ross M. Kwasteniet, P.C. (*pro hac vice* pending)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>                    ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

# Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | Case No. 22-10964 (___) |
| Debtor. | |
| Tax I.D. No. 87-1192148 | |
| In re: | Chapter 11 |
| CELSIUS KEYFI LLC, | Case No. 22-10967 (___) |
| Debtor. | |
| Tax I.D. No. 85-3374414 | |
| In re: | Chapter 11 |
| CELSIUS LENDING LLC, | Case No. 22-10970 (___) |
| Debtor. | |
| Tax I.D. No. 85-3428417 | |
| In re: | Chapter 11 |
| CELSIUS MINING LLC, | Case No. 22-10968 (___) |
| Debtor. | |
| Tax I.D. No. 85-3471387 | |
| In re: | Chapter 11 |
| CELSIUS NETWORK INC., | Case No. 22-10965 (___) |
| Debtor. | |
| Tax I.D. No. 82-4381219 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| CELSIUS NETWORK LIMITED, | ) Case No. 22-10966 (___) |
| Debtor. | ) |
| Tax I.D. No. 98-1528554 | ) |
| In re: | ) Chapter 11 |
| CELSIUS NETWORKS LENDING LLC | ) Case No. 22-10969 (___) |
| Debtor. | ) |
| Tax I.D. No. 84-3503390 | ) |
| In re: | ) Chapter 11 |
| CELSIUS US HOLDING LLC, | ) Case No. 22-10971 (___) |
| Debtor. | ) |
| Tax I.D. No. 85-3387956 | ) |

**ORDER DIRECTING (I) JOINT ADMINISTRATION OF
THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012, and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 22-10964 (___).

3. The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (___) |
| Debtors. | (Joint Administration Requested) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors' cases other than Celsius Network LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: Celsius Network LLC, Case No. 22-10964 (___); Celsius KeyFi LLC, Case No. 22-10967 (___); Celsius Lending LLC, Case No. 22-10970 (___); Celsius Mining LLC, Case No. 22-10968 (___); Celsius Network Inc., Case No. 22-10965 (___); Celsius Network Limited, Case No. 22-10966 (___); Celsius Networks Lending LLC, Case No. 22-10969 (___); and Celsius US Holding LLC, Case No. 22-10971 (___). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-10964 (___)**.

6.      The Debtors shall maintain, and the Clerk of the Court shall keep, with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      The Debtors shall file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules of this Court are satisfied by such notice.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                                  THE HONORABLE [●]
                                                  UNITED STATES BANKRUPTCY JUDGE